1  JEANNE L. ZIMMER, ESQ. (SBN:123321)
   ZimmerJ@cmtlaw.com
2  KEITH A. YEOMANS, ESQ. (SBN: 245600)
   YeomansK@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   TATE & KIRLIN ASSOCIATES, INC.
7

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11 RUBEN T. VARELA                    )  Case No. 8:11-cv-00888-JVS-MLG
                                      )
12            Plaintiff,              )  **NOTICE OF MOTION AND
                                      )  MOTION TO DISMISS FOR
13       vs.                          )  FAILURE TO STATE A CLAIM
                                      )  UPON WHICH RELIEF CAN BE
14 TATE & KIRLIN ASSOCIATES,          )  GRANTED, FRCP 12(b)(6);
   INC.; and TRANS UNION, LLC,        )  MEMORANDUM OF POINTS AND
15                                    )  AUTHORITIES; DECLARATION
            Defendants.               )  OF EDGAR N. DE VERA, EXHIBIT
16                                    )  IN SUPPORT THEREOF**
                                      )
17                                    )  Date:      November 28, 2011
                                      )  Time:      1:30 p.m.
18                                    )  Courtroom: 10-C
                                      )
19                                    )  The Honorable James V. Selna
                                      )
20                                    )  First Amended Complaint
                                      )  Filed: October 3, 2011
21 _____)

22       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE that on Monday, November 28, 2011 at 1:30 p.m.

24 or as soon thereafter as the matter may be heard, in Courtroom 10-C of the above

25 entitled court located at 411 West 4th Street, Santa Ana, California 92701,

26 Defendant TATE & KIRLIN ASSOCIATES, LLC will and hereby does move this

27 Court for an order dismissing the First Amended Complaint filed by Plaintiff

28 RUBEN T. VARELA.

06809.00:178378                          1
                                 MOTION TO DISMISS

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the FAC fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice, Memorandum of Points and Authorities attached hereto, and Declaration of Edgar N. De Vera and exhibits attached thereto, the pleadings, documents, and records on file, including Plaintiff's First Amended Complaint, together with any oral argument or evidence presented at or prior to the hearing of this Motion.

This Motion is made following the conference of counsel which took place on August 23, 2011, pursuant to Local Rule 7-3. (Declaration of Edgar N. De Vera, ¶ 2.)

DATED: October 27, 2011            CARLSON & MESSER LLP


                                   By:   /s/ Jeanne L. Zimmer
                                         Jeanne L. Zimmer, Esq.
                                         Keith A. Yeomans, Esq.
                                         Attorneys for Defendant,
                                         TATE & KIRLIN ASSOCIATES, INC.

06809.00:178378

2

**MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Tate & Kirlin Associates, Inc.'s ("TAK" or "Defendant") Motion To Dismiss Plaintiff Ruben T. Varela's ("Plaintiff") First Amended Complaint ("FAC") must be granted because Plaintiff has failed to state claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)6.

Plaintiff has brought the present action against TAK for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681b ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et seq.* (the "Rosenthal Act"). FAC ¶ 1.

Plaintiff's FAC fails to to state claim upon which relief can be granted for the following reasons:

(1) TAK's act of responding to Plaintiff's request to contact him regarding the credit report inquiry did not constitute an "initial communication" triggering any of the requirements under the FDCPA and/or the Rosenthal Act;

(2) Plaintiff invited TAK to contact him concerning the debt, thereby consenting to TAK's subsequent phone call;

(3) The debt amount, character, and status were never misrepresented by TAK. Plaintiff has not alleged any facts challenging the validity of the debt or alleging that TAK misrepresented the debt amount, character, or status;

(4) Plaintiff was not entitled to any written notice following the phone call between TAK and Plaintiff; and,

(5) TAK's alleged inquiry into Plaintiff's credit report was allowed under the FCRA because TAK was assigned to collect a debt owed by Plaintiff.

### II. STATEMENT OF PERTINENT FACTS

#### A. Plaintiff Varela's FCRA Claim

Plaintiff alleges that in July 2010, Defendant TAK initiated a "soft pull"

inquiry into Plaintiff's credit report in connection with the collection of a debt. FAC ¶¶ 7-11.

Plaintiff claims that this "soft pull" inquiry was impermissible and violated the FCRA because Plaintiff did not have any "contractual agreement for credit, loans or services relationship with Defendant Tate & Kirlin." FAC ¶¶ 10, 47-54. As will be discussed below, these allegations fail to state a claim under the FCRA.

### B. Plaintiff Varela's FDCPA and RFDCPA Claims

After learning of Defendant TAK's inquiry into Plaintiff's credit report, on or about May 2, 2011, Plaintiff sent a letter to TAK entitled "Notice of Pending Lawsuit." The letter made the following statements:

1. "This notice is sent as a courtesy prior to filing suit, to provide an opportunity to amicably cure Tate & Kirlin Associates, Inc. violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681b, and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788.12 *et seq.*" FAC ¶ 14.

2. "I am willing to settle these matters amicably without filing suit, so that you may avoid additional costs such as court filing and legal fees, and I am giving you five days from the receipt of this letter to take the opportunity to do so." FAC ¶ 15.

3. After providing a cell phone number the letter goes on to state, "This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand." FAC ¶ 16.

Plaintiff's FAC then concludes that when Plaintiff gave Defendant five days to settle the threatened lawsuit (until May 10, 2011), Plaintiff was also implicitly informing Defendant that it did not have his permission to contact him using the provided cell phone number after May 10, 2011. FAC ¶ 19. Using this strained construction of Plaintiff's letter, Plaintiff alleges that TAK did not have consent to use this phone number when it called Plaintiff on May 16th to discuss Plaintiff's

demands and, therefore, this made the May 16th call an "initial communication" subject to the FDCPA. FAC ¶¶ 25-29.

## III. STANDARD OF REVIEW

Pursuant to Federal Rules of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is appropriate when a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere conclusions or recitations of the elements of a cause of action are not sufficient. *Id.* Where there is an absence of sufficient facts alleged to support the legal theory explained by the Plaintiff, a motion to dismiss pursuant to Rule 12(b)(6) should be granted. *Id.* at 556-57. This Court is not bound to accept as true mere legal conclusion even if they are passed off as factual allegation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

## IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FDCPA AND ROSENTHAL ACT

Plaintiff's FAC fails to state a claim upon which relief may be granted under the FDCPA and the Rosenthal Act. Plaintiff invited TKA to contact him on his cell phone to "address the matters at hand." FAC ¶ 16. TKA did so and informed Plaintiff that it had legitimately pulled Plaintiff's credit file because TKA was assigned to collect a debt with Plaintiff. FAC ¶¶ 20-22. TKA further informed Plaintiff that the debt was originally owed to HSBC but had been assigned to Resurgent Capital. *Id.*

### A. There Was No Initial Communication Subject to the FDCPA

All of Plaintiff's claims under the FDCPA fail because the single phone call from TKA to Plaintiff's cell phone was not an "initial communication" subject to the FDCPA. A communication that does not attempt to collect upon a debt but mearly informs the debtor about the current status of their account is not a communication subject to the strict requirements of the FDCPA. *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388-389 (7th Cir. 1998).

TKA contacted Plaintiff at Plaintiff's request, to address the alleged violations of the FDCPA and the FCRA. FAC ¶¶ 14-16. TKA did contact Plaintiff and explained the history of the debt and TKA's basis for reviewing Plaintiff's credit report. FAC ¶¶ 20-22. TKA did not attempt to collect upon the debt and Plaintiff has not alleged otherwise. Because there was no attempt to collect upon the debt, there was no "initial communication" under the FDCPA and the phone call was not subject to the FDCPA's requirements. Plaintiff's FDCPA claims necessarily fail for this reason.

### B. Plaintiff's Claimed Violation of 15 U.S.C. § 1692c(A)(1) Lacks Merit

Even assuming there was an "initial communication" subject to the FDCPA, Plaintiff's claim necessarily fails because he consented to the communication.

Plaintiff alleges that TKA "violated 15 U.S.C. § 1692c(A)(1), by communicating with a consumer, in connection with the collection of any debt, without the prior consent of the consumer, at a time or place known or which should be known to be inconvenient to the consumer." FAC ¶ 35(a).

Plaintiff's allegation that his consent was strictly limited by the five day window in which to settle the case is an unreasonable construction of his letter. The five day limitation was included as part of Plaintiff's threat to initiate litigation. FAC ¶ 15. The only limitation explicitly made with respect to the cell phone was that the "cell number is not to be called, shared, or used for any purpose other than to address the matters at hand." FAC ¶ 16. To construe this language, as Plaintiff does, to also limit Plaintiff's consent to use the cell phone number beyond the five

day window is an unnatural construction.

### C. Plaintiff's Claimed Violation of 15 U.S.C. § 1692e(2)(A) Lacks Merit

Plaintiff alleges that Defendant "violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt." FAC ¶ 33(a). Plaintiff's FAC, however, does not allege **any** facts which suggest that the debt was misrepresented by TKA in any way. To the contrary, the FAC demonstrates that it was Plaintiff who was mistaken about the debt. Plaintiff alleges that he initially wrote to TKA because he noticed that TKA had pulled his credit report and he had never done any business with TKA. FAC ¶¶ 10-12. When TKA called Plaintiff, it was explained that TKA had been retained to collect the debt on behalf of Resurgent Capital, who was the assignee of the debt from HSBC. FAC ¶¶ 20-22. Plaintiff does not allege that he never owed the debt to HSBC, he was simply unaware that it had been assigned and sent for collection. There was no violation of section 1692e(2)(A) because the nature of the debt was accurately represented by TKA.

### D. Plaintiff's Claimed Violation of 15 U.S.C. § 1692g(a) Lacks Merit

Plaintiff alleges that TKA "violated 15 U.S.C. § 1692g(a) *et seq.*, by failing to send Plaintiff written notice within five days after the initial communication with Plaintiff..." FAC ¶ 37(a). According to the Federal Trade Commission, "[i]f the debt collector's first communication with the consumer is oral, he may make the disclosures orally at that time in which case he need not send a written notice." FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988). As admitted in Plaintiff's FAC, Plaintiff was told that TKA had legitimately pulled Plaintiff's credit file because TKA had been retained to collect a debt originally owed by Plaintiff to HSBC and that the debt had been previously assigned to Resurgent Capital. FAC ¶¶ 20-22. Plaintiff was given oral notice of the debt and no further written notice was required under 15 U.S.C. § 1692g(a). Plaintiff has failed to allege a violation of 15 U.S.C. § 1692g(a).

### D. Plainiff's Rosenthal Act Claims Lack Merit

California's Rosenthal Act incorporates most of the substantive provisions of the FDCPA. Cal. Civ. Code § 1788.17. Plaintiff's Rosenthal Act claims are based exclusively on his alleged violations of the FDCPA. FAC ¶¶ 42(a), 44(a) & 46(a). Plaintiff's Rosenthal Act claims necessarily rise, and in this case, fall with the success of his FDCPA claims.

### IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FCRA

Plaintiff's FAC fails to state a cause of action under the FCRA because it is clear from the allegations that TAK had a permissible purpose for inquiring into Plaintiff's credit report. A person may obtain a consumer report" if it is "obtained for a purpose" authorized by the FCRA. The FCRA expressly permits receipt of a consumer report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the... collection of an account of [] the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Under federal law, a debt collector may obtain a consumer's credit report, if the debt arose from a voluntary credit transaction. *Pintos v. Pacific Creditors Ass'n* 504 F.3d 792, 798 (9th Cir. 2007). It is undisputed that the debt at issue was the result of a voluntary credit transaction and that TKA obtained Plaintiff's credit report because it was assigned to collect Plaintiff's debt. FAC ¶ 22. Plaintiff's underlying debt was originally held by the bank, HSBC. *Id.* Plaintiff does not dispute the validity of this debt. Debt incurred from a credit card transaction or bank loan is based upon a voluntary extension of credit. Under such circumstances, a debt collector has a permissible purpose to obtain a consumer credit report. Because TAK had a permissible purpose to inquire into Plaintiff's credit report, Plaintiff's has failed to allege a claim upon which relief may be granted under the FCRA.

### V. CONCLUSION

Plaintiff's factual allegations demonstrate that he cannot, through amendment, plead any claim for relief. For the foregoing reasons, Defendant Tate

06809.00:178378
8
**MOTION TO DISMISS**

& Kirlin Associates, Inc. respectfully requests this Court grant its Motion to Dismiss with prejudice.

DATED: October 27, 2011        CARLSON & MESSER LLP

                               By:   /s/ Jeanne L. Zimmer
                                     Jeanne L. Zimmer, Esq.
                                     Keith A. Yeomans, Esq.
                                     Attorneys for Defendant,
                                     TATE & KIRLIN ASSOCIATES, INC.