UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-888 JVS (MLGx) | Date | November 28, 2011 |
| Title | Ruben T. Varela v. Tate & Kirlin Associates Inc., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ruben T. Varela, ipp | Keith Yeomans |

**Proceedings:** Defendant Tate & Kirlin's Motion to Dismiss (Fld 10-28-11)

**Cause called and the parties make their appearances. The Court's tentative ruling is issued. The parties make their arguments. The Court DENIES the defendant's motion and rules in accordance with the tentative ruling as follows:**

Defendant Tate & Kirlin Associates ("Tate")[1] moves to dismiss the First Amended Complaint ("FAC") of Plaintiff Ruben T. Varela ("Varela") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Br., Docket No. 27.) Varela, proceeding pro se, opposes this motion. (Opp. Br., Docket No. 28.) For the following reasons, the Motion is DENIED.

I.    Factual Background

Varela alleges that in July 2010, Tate initiated a "soft pull" of Varela's consumer report from credit reporting agency Trans Union LLC, "without a permissible purpose." (FAC ¶ 11, Docket No. 23.) Varela contends that on or about May 2, 2011, he sent Tate a Notice of Pleading Lawsuit ("NPL"), in which Varela alleged that Tate violated the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681b; the Fair Debt Collection Practices Act ('FDCPA"), 15 U.S.C. § 1692 et seq.; and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788.12 et seq. (the "Rosenthal Act"). (Id. ¶¶ 12-14.) The NPL also stated, "[t]his notice is sent as a courtesy prior to filing suit, to provide an opportunity to amicably cure Tate & Kirlin Associates, Inc." of

---

[1] The Motion to Dismiss lists both Tate and Trans Union LLC as the defendants in this action; however, the FAC does not name Trans Union LLC as a party. (FAC ¶ 5.) Thus, the Court refers to Tate as the only defendant in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-888 JVS (MLGx) | Date | November 28, 2011 |
| Title | Ruben T. Varela v. Tate & Kirlin Associates Inc., et al. | | |

the aforementioned violations. (Id. ¶ 14.) Further, Varela wrote in the NPL, "I am willing to settle these matters amicably without filing suit, so that you may avoid additional costs such as court filing and legal fees, and I am giving you five days from receipt of this letter to take the opportunity to do so." (Id. ¶ 15.) Varela also provided his cell phone number and instructed that the number was not to be used for "any purpose other than to address the matters at hand." (Id. ¶ 16.) Varela alleges that Tate did not call his cell phone within the five days provided, but instead called six days beyond the five day period. (Id. ¶¶ 19-20.) Varela claims that during the call, Mr. Larkin, a Tate representative,[2] "conveyed information regarding a debt, by claiming that Plaintiff owes a debt to 'Resurgent Capital,' which was purchased by Resurgent Capital from 'HSBC.'" (Id. at ¶¶ 20, 22.) Varela alleges that this conversation was outside the scope of his consent both in time and subject matter, as Mr. Larkin called outside the five day window and proposed no "meaningful amicable settlement." (Id. ¶¶ 25-26.)

II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and

---

[2] Varela claims that Mr. Larkin identified himself as "Director of Marketing for Plaza Associates." (FAC ¶ 20.) Given that Varela attributes this phone call to Tate (id. ¶¶ 25-26) and Tate concedes that this phone call was "from" Tate (Mot Br. p. 6), the Court assumes that Mr. Larkin is an agent of Tate.

Case 8:11-cv-00888-JVS -MLG   Document 32   Filed 11/28/11   Page 3 of 6   Page ID #:197

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 11-888 JVS (MLGx)                                    Date   November 28, 2011

Title   Ruben T. Varela v. Tate & Kirlin Associates Inc., et al.

common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

III.   Discussion

Varela alleges that Tate violated three sections of the FDCPA; three sections of the Rosenthal Act, predicated on the FDCPA violations; and one section of the FCRA. The Court addresses each of the allegations in turn.

A.   Violations of the FDCPA

   1.   False Representation: 15 U.S.C. § 1692e(2)(A)

Varela contends that Tate violated 15 U.S.C. § 1692e(2)(A) by "falsely representing the character, amount, or legal status of any debt." (FAC ¶ 33a.) This claim is supported by the fact that Varela referred to the debt he allegedly owed to Resurgent Capital as "baseless." (FAC ¶¶ 22, 26.) The fact that Varela asserted that the debt was "baseless" shows that he contests the existence of the debt. Thus, taking Varela's pleadings as true, Mr. Larkin's characterization of the debt as an outstanding debt owed to Resurgent Capital was a false representation of the character or legal status of the debt.

Because Varela pleads sufficient facts to support a claim under this provision of the FDCPA, the Motion is denied with respect to this claim.

   2.   Communication without Consent: 15 U.S.C. § 1692c(a)(1)

Varela alleges that Tate violated 15 U.S.C. § 1692c(a)(1) by "communicating with a consumer, in connection with the collection of any debt, without the prior consent of the consumer given directly to the debt collector, at a time or place known or which should be known to be inconvenient to the consumer." (FAC ¶ 35a.) Varela contends that Mr. Larkin's call constituted a communication "in connection with the collection" of a debt because during that conversation, Mr. Larkin asserted that Varela owed a debt to Resurgent Capital. (FAC ¶¶ 22, 26.) Tate argues that the communication was not an attempt to collect upon a debt, but merely an attempt to inform Varela about the "current status" of his debt, and such communications are not subject to FDCPA. (Mot. Br. p. 6. (citing Bailey v. Sec. Nat'l Servicing Corp.,154 F.3d 384, 387-88 (7th Cir. 1998)).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-888 JVS (MLGx)   Date  November 28, 2011

Title  Ruben T. Varela v. Tate & Kirlin Associates Inc., et al.

However, unlike the communication in Bailey, which was not related to the "collection of debt" because the collector merely apprised the debtor of the current status of his account and because all the due dates on payments were prospective, here Varela alleges that Mr. Larkin discussed a current debt Varela owed to Tate. Unlike Bailey, here there was no indication that the due date for the debt payment was prospective. Thus, construed in the light most favorable to Varela, Mr. Larkin's call was a communication "in connection with the collection" of a debt.

Furthermore, Varela did not consent to this communication because Mr. Larkin called Varela's cell phone number six days after the five day period during which Varela granted Tate permission to call his cell phone to discuss an amicable settlement of his claims. Varela explicitly limited his consent in time and subject matter in his NPL, stating that Tate had five days to contact him regarding a settlement and that his cell phone number was not to be used for any purpose other than resolving his claims. (FAC ¶¶ 15-16.) Varela alleges that Mr. Larkin called him once his consent had expired, and that his call was not an attempt to resolve Varela's claims, but an effort "to allege a baseless debt owed by Plaintiff." (FAC ¶¶ 25-26.) Thus, taking Varela's allegations as true, he did not consent to this communication.

Accordingly, Varela had plead facts sufficient to make out a claim that Tate communicated with Varela in connection with the collection of a debt and without his prior consent, in violation of 15 U.S.C. § 1692c(a)(1). Thus, the Motion is denied with respect to this claim.

    3.    <u>Written Notice Requirement: 15 U.S.C. § 1692g(a)</u>

Varela claims that Tate violated 15 U.S.C. § 1692g(a) by failing to send Varela written notice within five days after the initial communication with Varela on May 16, 2011, in connection with the collection of any debt. Section 1692g(a) provides:

> Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-888 JVS (MLGx)                              Date  November 28, 2011

Title  Ruben T. Varela v. Tate & Kirlin Associates Inc., et al.

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Varela alleges that Tate failed to send him any written debt verification notice after the initial communication.  (FAC ¶ 29.)  Because the pleadings suggest that Mr. Larkin did not address all five of the requirements under section 1692g(a) in his conversation with Varela, Tate was obligated to send a follow up verification notice.

Acccordingly, Varela has plead sufficient facts to make out a claim under 15 U.S.C. § 1692g(a).  Thus, the Motion is denied with respect to this claim.

B.      Violations of the Rosenthal Act

The Rosenthal Act, California Civil Code section 1788.17, provides in part: "[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

Varela alleges that Tate violated the Rosenthal Act by violating 15 U.S.C. §§ 1692e(2)(A), 1692c(a)(1), and 1692g(a).  (FAC ¶¶ 42a, 44a, 46a.)  Because Varela has plead sufficient facts to support the FDCPA violations, the Rosenthal claims are sufficiently plead as well.

Accordingly, the Motion is denied with respect to the claims under the Rosenthal Act.

C.      Violation of FCRA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-888 JVS (MLGx) | Date | November 28, 2011 |
| Title | Ruben T. Varela v. Tate & Kirlin Associates Inc., et al. | | |

Varela alleges that Tate violated 15 U.S.C. § 1681b(f) by obtaining Varela's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b. (FAC ¶ 50a.) Section 1681b(f) provides:

> A person shall not use or obtain a consumer report for any purpose unless: (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 607 by a prospective user of the report through a general or specific certification.

To support his claim, Varela alleges, "[d]uring the month of July, 2010, Defendant initiated a soft pull of Plaintiff's consumer report from credit reporting agency Trans Union, LLC ("Trans Union"), without a permissible purpose." (Id. ¶ 11.) Tate argues that they had a "permissible purpose" for pulling the credit report, pursuant to 15 U.S.C. § 1681b(a)(3)(A), which permits receipt of a consumer report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of [] the consumer." (Mot. Br. p. 8.) Whether Tate pulled Varela's consumer report for a "permissible purpose" is a question of fact. This issue cannot be decided on a motion to dismiss.

Varela has pled sufficient facts to make out a claim under the FRCA. Accordingly, Defendant's Motion to Dismiss with respect to the FRCA claim is denied.

IV.   Conclusion

For the foregoing reasons, Tate's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

| | | 0 | : | 07 |
|---|---|---|---|---|
| | Initials of Preparer | kjt | | |